**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-646-TFM |
| | ) | |
| RUTH ELIZABETH WISE STONE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 7, entered October 28, 2008). Pending before the Court are Plaintiff United States's *Motion for Summary Judgment* (Doc. 6, filed October 24, 2008), and Defendant's *Brief in Opposition* (Doc. 10, entered December 8, 2008). Having reviewed the parties' submissions and exhibits thereto, it is the Recommendation of the Magistrate Judge that the District Judge DENY the motion.

## I.  FACTUAL BACKGROUND

The parties in this case are Plaintiff United States of America ("United States"), and Defendant Ruth Stone ("Stone"), a resident of the Middle District of Alabama. On August 7, 2008, the United States commenced this action to recover loan funds insured by the United States Department of Education. *See* Doc. 1, *Complaint.* The *Complaint* is supported by a Promissory Note executed on September 29, 1988. The Promissory Note

indicates an obligation in the amount of $2,625.00 was assumed by Ruth E. Stone of Montgomery, Alabama.  The note shows the last four digits of the borrower's social security number to be "3848."  Other than Ruth Stone's address on Woodley Road in Montgomery on the date of disbursement, there is no other identifying data on the note. A Certificate of Indebtedness also supports the *Complaint* and recounts the disbursal of the loan, default, and payment by the Department of Education as guarantor.

On October 7, 2008, Defendant Stone, who resides on Wares Ferry Road in Montgomery, filed a notice asserting the United States had identified the wrong Ruth Stone as defendant.  The United States filed a *Motion for Summary Judgment* (Doc. 6, filed October 24, 2008).  In addition to restating the facts set forth in the *Complaint* in support of its motion, the United States informed the Court it had requested a copy of Defendant's driver's license to verify her date of birth.  Having received no response by Stone, the United States averred Stone had not demonstrated she is not the person who received the loan, and therefore failed to prove she is not correctly named in the *Complaint*.

On November 13, 2008, this Court ordered Stone to file evidence supporting her claim of misidentification with her response to the *Motion for Summary Judgment.*  On December 8, 2008, Stone complied with a formal response wherein she denied receiving the loan referenced in the Promissory Note and Certificate of Indebtedness, denied receiving a request for submission of her driver's license, and supported her claim of misidentification by submitting a copy of her social security card, which does not match

the excerpt of the last four digits shown on the Promissory Note. Stone asserts her response demonstrates genuine issues of material fact which render summary judgment for the United States inappropriate.

## II. SUMMARY JUDGMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'").

Thus, the initial burden of proof in a motion for summary judgment rests on the

movant. *Celotex*, 477 U.S. at 325; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the

court resolves all reasonable doubts about the facts in favor of the nonmovant).  If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted.  *Celotex*, 477 U.S. at 322-23.

### III.  DISCUSSION

The United States has established a *prima facie* case against Ruth E. Stone, borrower, by introducing the Promissory Note and Certificate of Indebtedness for the loan and interest for which it seeks collection.  *See United States v. Bilal*, 8:06-CV-190-T–17MSS, 2007 WL 2827511, *2 (M.D. Fla. 2007).  Defendant, Ruth E. Stone of Montgomery, Alabama, asserts she did not receive the loan at issue, and therefore is not the proper defendant.  Defendant has submitted her social security card, which bears a number that is similar to, but does not match exactly, the last four digits of the borrower's social security number.

In *United States v. Williams*, No. 04-73603, 2005 WL 1343389 (E.D. Mich. 2005), the defendant had the same name as the borrower on a defaulted student loan, but produced identification showing a different middle initial, birthday, and social security number from those of the borrower.  Though only one digit differed in the social security numbers in *Williams*, the district court found the ambiguity sufficient to deny summary judgment.  *Williams*, at *2.  Although Defendant Stone has the same middle initial as the borrower in this case, and the Court is unable to compare her birthdate to that of the "Ruth E. Stone" named in the supporting documents, the variance in her social security

number makes it impossible to determine from the submitted documents whether the defendant is *actually* the "Ruth E. Stone" who should be held responsible for the amount due the United States.  Defendant has successfully raised a genuine issue of material fact as to whether she is the correct defendant.  This issue of fact precludes summary judgment at this stage.[1]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the District Judge **DENY** Plaintiff's *Motion for Summary Judgment* (Doc. 6).

***It is further ORDERED that the parties shall file any objections to the said Recommendation by January 30, 2009.***   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

---

[1]  The Court notes there were no signature samples for comparison in *Williams*, as the signatory's name was typed.  Although the signatures of Ruth E. Stone, Borrower, and Ruth E. Stone, Defendant, are both in the record and available for comparison, the Court has no expertise in handwriting analysis.

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of January, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE